BENJAMIN R. COVERT ET AL. v. NELSON F. ROGERS.

*Assignments by corporations—Notice of directors' meetings—Stockholders as receivers or assignees.*

An insolvent corporation has the right to make a general assignment of its property for the benefit of creditors unless prohibited by its charter or by statute.

Where notice of a directors' meeting is sent by mail, the person notified must have, in the absence of any regulation, a reasonable time after receiving it to reach the place of meeting by traveling in the customary manner. Notice sent June 20th from Hubbardston, Mich., to Cleveland, O., for a meeting to be held on the 23d, was *held* sufficient, it being shown that a traveler leaving Hubbardston on the morning of one day could go to Cleveland and get back by the evening of the next.

An officer of a corporation may be its receiver. Comp. L., § 6594.

Evidence is admissible to show the motives of the officers of an insolvent corporation in making an assignment of its assets.

Where an insolvent corporation assigns for the benefit of creditors, the fact that its assignee is or has been a stockholder, or is insolvent himself, does not disqualify him; but the jury may consider its bearing upon the good faith of the transaction.

Error to Ionia.  Submitted Jan. 22 and 23.  Decided February 1.

TROVER by Rogers against the plaintiffs in error for the seizure and conversion of a quantity of lumber and logs.  Rogers was assignee for the benefit of the creditors of the Hubbardston Lumber Company, to which corporation the property had belonged, and the defendants claimed it under an attachment sued out by part of them as creditors of the company.  Defendants bring error.

*Wells & Morse* and *Mitchel & Pratt* for plaintiffs in error.  The directors of a manufacturing corporation are vested with full control of its stock, property and affairs (Comp. L., § 2844), and the stockholders cannot interfere with it, Redfield on Railways, § 13; *Town v. Bank of River Raisin,* 2 Doug. (Mich.), 553; *Com. v. Trustees,* 6 S. & R., 508; *Dana v. U. S. Bank,* 5 W. & S., 247; *Com'rs v. Bank,* 6 Har., 106; notice of all special meetings of directors must be given as the charter, by-laws or State law directs, and if there is no special provision it must be given personally to each stockholder (Ang. & Ames on Corp., § 492; *Stow v. Wyse,* 7 Conn., 219; *Wiggin v. Freewill B. Church,* 8 Met., 301; 1 Dill. Mun. Corp., § 201; *Zabriskie v. C. C. & C. Ry.,* 10 Amer. Railw. Times, No. 15; *People v. Batchelor,* 22 N. Y., 128), and specify the nature of the business to be transacted, *Rex v. Langhorn,* 4 Ad. & El., 538; an assignment of the assets of a corporation for the benefit of its creditors to its business manager leaves the control of the property where it has been before, and seems to be meant to delay creditors, *Cram v. Mitchel,* 1 Sandf. Ch., 255; *Currie v. Hart,* 2 id., 356; *Angel v. Rosenbury,* 12 Mich., 253; *Hays v. Doane,* 11 N. J. Eq., 84; it is a fraud upon the

rights of creditors to assign to a known insolvent, *Connah v. Sedgwick*, 1 Barb., 214; *Reed v. Emery*, 8 Paige, 418; the question of his business competency is important, *Heywood v. Reed*, 4 Gray, 578; *Bartlett v. Decreet*, 4 Gray, 112; *Lee v. Kilburn*, 3 Gray, 594.

*Lemuel Clute* and *Blanchard & Bell*, for defendant in error. The burden of proof is on those who deny the regularity of a meeting for want of notice, to prove it, *Sargent v. Webster*, 13 Met., 504; notice to a director would not cure the effect of his absence unless it was expressly required that all be notified, *State v. Smith*, 48 Vt., 286; *Bank of Middlebury v. Rutland etc. R. R. Co.*, 30 Vt., 169; only stockholders can complain of an assignment made by the directors of a corporation without their consent, *Buell v. Buckingham*, 16 Ia., 284; *Davoue v. Fanning*, 2 Johns. Ch., 251; *Bostwick v. Atkins*, 3 Comst., 53; the intent of the directors in making an assignment may be proved, *Watkins v. Wallace*, 19 Mich., 76; *Goddard v. Grand Trunk Ry.*, 57 Me., 223; *Bartlett v. Kinsley*, 15 Conn., 328; *Fletcher v. Peck*, 6 Cr., 87; corporations can assign for the benefit of their creditors, *De Ruyter v. Trustees*, 3 Barb. Ch., 119; *Exp. Conway*, 4 Ark., 357; *Pope v. Brandon*, 2 Stew., 401; *State v. Bank of Maryland*, 6 Gill & J., 205; a *bona fide* attempt to distribute the property of a debtor among his creditors will not be allowed to fail for want of a trustee, 2 Story's Eq., §§ 976, 1059.

MARSTON, J. It must be considered as settled by the clear and undoubted weight of authority, that an insolvent corporation has the right to make a general assignment of its property for the benefit of its creditors, unless prohibited by its charter or a statute of the State, nor can such an assignment be held void in this State, because opposed to the policy of our statutes relating to proceedings in chancery against corporations, or providing for their voluntary dissolution. *Town v. Bank of River*

*Raisin*, 2 Doug. (Mich.), 530; Burrill on Assignments, 602 *et seq.*

The specific objections made to the introduction of the assignment in this case were *first,* that the action of the board of directors in making this assignment was not authorized by the stockholders; *second,* that the meeting of the directors which authorized the execution of the assignment was not properly called, no proper notice having been given; and *third,* that the notice calling a meeting of the directors did not specify the purpose and object of the meeting.

The first objection was removed after being made, as evidence was introduced showing that nearly two-thirds of the stock was represented at the meeting and consented, if any such consent could be considered necessary.

There was evidence given tending to show that a written notice, signed by the treasurer, calling a meeting of the directors for June 23d, at one o'clock in the afternoon, for the transaction of important business pertaining to the finances of the company, was, on the morning of June 20th, sent by mail to N. W. Taylor, one of the directors, who then resided at Cleveland, Ohio, and that a person could start from Hubbardston, the place where the notice was mailed and where the meeting was to be held, go to Cleveland and get back the night of the next day. There was also evidence tending to show that this notice had been received in Cleveland and brought back to Hubbardston in time for the meeting, by a person claiming to be attorney for Mr. Taylor, but no evidence of his authority was shown. No question of want of notice was made as to the other directors, they all being present and participating in the proceedings and consenting to what was done.

The statute under which this corporation was formed provides that "a majority of the directors of every such corporation, convened according to the by-laws, shall constitute a quorum for the transaction of business." The

by-laws of the corporation authorized the president or treasurer to call special meetings when in his opinion the interests of the company require it, but did not specify in what manner the notice should be given or served, or the length of time it should be served before the time fixed for the meeting.

In the absence of any provision for the length of notice, the law will require it to be given a reasonable time before the meeting is to be held, in order that the person to whom it is addressed may, if sent by mail, be presumed to have received it, and have sufficient time, traveling in the usual and customary manner, to get there. Field on Corporations, § 228; *Phœnix Ins. Co. v. Allen*, 11 Mich., 501. In this case sufficient time was given, and we cannot say as matter of law, therefore, that the notice was insufficient. Corporations have power, under the statute, to make specific provisions fixing the time and manner of giving notice of special meetings, and if they do not avail themselves of the power thus given, but leave the entire matter to the discretion of one of their principal officers, they have no right to complain of the insufficiency of the notice given, so long as it appears that sufficient time was given to enable the parties to be present if they so desired. In this case it is not the corporation, either by its stockholders or directors, that complain, but third parties, and that not in a direct proceeding. We are not prepared to hold the proceedings absolutely void, and it may therefore admit of some question whether under such circumstances the creditors could in this manner question the validity of the assignment authorized to be made in this manner. But upon this question we express no definite opinion, as we do not deem it necessary. See *Chamberlain v. Painesville etc. R. R. Co.*, 15 Ohio St., 225; *Edgerley v. Emerson*, 23 N. H., 555; *Despatch Line of Packets v. Bellamy Mfg. Co.*, 12 N. H., 205; Green's Brice's Ultra Vires, 351 and notes.

The validity of this assignment was farther questioned for the reason that the assignee was a stockholder and former treasurer of the company and resigned such position for the express purpose of becoming assignee, and the farther reason that he was insolvent.

We are of opinion that neither of these grounds, nor both combined, would be sufficient to justify us in holding the assignment absolutely void. In *Pope v. Brandon*, 2 Stewart (Ala.), 401, it was held that the deed of assignment was not void because the trustee was president of the institution and executed the deed as a grantor. There is nothing incompatible in Rogers' position as a stockholder in the corporation and as an assignee for the benefit of creditors. It is his duty as assignee to proceed and dispose of the property for the benefit of the creditors. The stockholders and creditors are equally interested in having the property disposed of upon the best terms and for the largest amount of cash that can be obtained therefor; by so doing the indebtedness is extinguished or reduced, to the benefit of the corporation, and perhaps may relieve the stockholders of their individual liability. Our statutes recognize the propriety of the appointment, as receiver of an insolvent corporation, of any of the directors, trustees or any other officers of the corporation. 2 Comp. L., § 6594. These objections might well be considered by the jury, and might in some cases have a decided influence upon the minds of the jurors in determining the validity and *bona fides* of the transaction. The court below entertaining this view, very properly and favorably to the defendants, submitted these questions to the jury.

It may be manifestly proper in certain cases, owing to the peculiar nature of the business carried on, that the assignment should be made to a person conversant with such business rather than to a stranger, or one unfamiliar with it. That such a person would possess advantages and be likely to make more out of the prop-

erty than a stranger, or one having no knowledge of such business, would appear reasonable. Nor does it follow, necessarily, that a person who is insolvent would thereby be legally disqualified from accepting the position of assignee. That fact might in no way affect his honesty, business qualifications or eminent fitness in all other respects for the position. As already said, such facts were proper for consideration by the jury, but they would not *per se* render the assignment void.

It is also alleged as error that the court permitted evidence of the good motives of the directors in making the assignment, to be proven. Corporations act by and through officers, and it would seem clear that creditors might have shown by the directors that their motive and object in making the assignment was for the express purpose of delaying and defrauding the creditors of the corporation in the collection of their debts. The motive of a person in doing an act, or in omitting the performance of a duty, as an officer of a corporation, has been held admissible in this State.

A careful examination of the record fails to show that any error was committed to the prejudice of the plaintiffs in error, and the judgment must therefore be affirmed with costs.

The other Justices concurred.