[Filed February 1, 1892.]

## F. S. DOERNBECHER v. THE COLUMBIA CITY LUMBER COMPANY ET AL.

CORPORATIONS— MEETINGS OF DIRECTORS— NOTICE.— It is indispensable to a legal meeting of the directors of a corporation for the transaction of business, that all the directors have notice of the time and place of meeting either actual or constructive. Any action had at a meeting called without such notice being furnished, is void, and may be so regarded in a direct attack thereon by suit or in the form of an objection to the admission or the transactions of such a meeting in evidence.

Multnomah county: L. B. STEARNS, Judge.

Defendants appeal.   Affirmed.

*A. C. Emmons,* and *C. J. McDougall,* for Appellant.

A private corporation has the right and power at common law to make a general assignment for the benefit of

its creditors, and this power may be exercised unless there is a statutory provision preventing it.    (Burrill on Assignments, § 64; *De Ruyter* v. *St. Peter's Church*, 3 N. Y. 238; *Reichwald* v. *Commercial Hotel Co.* 106 Ill. 439; *Tripp* v. *Northwestern Nat. Bank*, 41 Minn. 400; *Wilkinson* v. *Bauerle*, 41 N. J. Eq. 635; Angell & Ames on Corp. 10th Ed. § 191.)

There is no doubt but what a general assignment of a corporation can be made by its officers under a resolution of the board of directors of the same.    (*Buell* v. *Buckingham Co.* 16 Iowa, 284; 85 Am. Dec. 516; *Ardesco Oil Co.* v. *North & Co.* 66 Pa. St. 375; *DeCamp* v. *Alward*, 52 Ind. 468; *State* v. *Commercial Bank*, 21 Miss. 569; 53 Am. Dec 106; *Sargent* v. *Webster*, 54 Mass. 497; 46 Am. Dec. 743.)

The assent of the stockholders to an assignment is not necessary.    (*Warner* v. *Mowry*, 11 Vt. 385–390; *Smith* v. *Skeary*, 47 Conn. 47; *Planters' Bank* v. *Whittle*, 78 Va. 737; *Dana* v. *U. S. Bank*, 5 Watts & S. 223–247.)

The assignee is entitled to collect unpaid stock from the shareholders of an insolvent corporation having made a general assignment to him under the insolvent laws, and the unpaid stock is a fund to pay creditors, and it is the assignee's duty to collect and distribute same.    (*Upton* v. *Tribilcock*, 91 U. S. 45; *Sawyer* v. *Hoag*, 84 U. S. 610; *Germantown, etc. Railway Co.* v. *Fitler*, 60 Pa. St. 124; 100 Am. Dec. 546; *Lane* v. *Nickerson*, 99 Ill. 284; *Shockley* v. *Fisher*, 75 Mo. 498; *Lionberger* v. *Broadway*, 10 Mo. App. 499; Taylor on Private Corporation, 542; *Vanderwerken* v. *Glenn*, 81 Va. 9; *Eppright* v. *Nickerson*, 78 Mo. 482.)

It is not necessary for all the directors to have notice of meeting of directors to make an assignment, provided a majority and a quorum is present.    (*Bank* v. *Flour Co.* 41 Ohio St. 552; *Edgerly* v. *Emerson*, 23 N. H. 555; *Samuel* v. *Holladay*, 1 Woolw. 400.)

When an assignment is attacked for fraud or illegality, the burden is on the party setting up such illegality to prove it, and in order to defeat the assignment it must be

shown that both the assignor and assignee participated in the fraud.   (*Kruse* v. *Prindle*, 8 Or. 158.)

An assignment for the benefit of creditors made by the board of directors, is binding on the stockholders and cannot be set aside in a collateral proceeding.   (*Shumard* v. *Phillips*, 53 Ark. 37; *Dodd* v. *Templeman*, 76 Tex. 57.)

The plaintiff by having filed exceptions to a claim, and contested same in the circuit court for Columbia county, thereby waived any alleged irregularity in the assignment, and is estopped from objecting to same.   (*Heath* v. *Silverthorn, etc. Co.* 39 Wis. 146; *Sanger* v. *Upton*, 91 U. S. 56; *Payson* v. *Staver*, 2 Dill. 428; *Farrand* v. *Caton*, 69 Mich. 235; *Bryan* v. *Board of Education*, Ky. 13 S. W. Rep. 276; *Beck* v. *Henderson*, 76 Ga. 360; *Denver, etc. Water Co.* v. *Middough*, 12 Colo. 434; 13 Am. St. Rep. 234.)

*R. & E. B. Williams*, and *J. M. Bower*, for Respondent.

A proper interpretation of our statute requires that a majority of the board of directors can act only when proper notices are given to all and the board is duly convened. (Hill's Code, §§ 3226–7; Morawetz Corp. § 531.)

The resolution pretended to have been passed was not passed at a meeting of the board of directors, is invalid, and there can be no act performed under its authority. (1 Morawetz Corp. §§ 531, 532; 2 Field's L. Briefs, §§ 202–205; Angell & Ames Corp. § 504; Devlin Deeds, § 331; *Gashwiler* v. *Willis*, 33 Cal. 11; 91 Am. Dec. 607; *Baldwin* v. *Canfield*, 26 Minn. 43; *In re St. Helens Mill Co.* 3 Saw. 88; *Corbett* v. *Woodward*, 5 Saw. 411.)

BEAN, J.—This is a suit by a judgment creditor of the insolvent defendant corporation, to enforce the individual liability of defendants Dunbar, Wallace and Plimpton, stockholders, for their stock subscribed and unpaid.   It is sufficient to say that the complaint is in the usual form, and the answer avers a general assignment by the corporation, prior to the commencement of this suit, of all its

property for the benefit of creditors, and the sole right of the assignee to collect all moneys due for stock subscribed and unpaid. The validity of this assignment is the only question necessary to consider in this case.

The defendant corporation was organized in 1883 by the election of defendants Dunbar and Wallace and D. W. Council, C. J. McDougall, and William Lowe, directors, Dunbar being president, McDougall secretary, and Lowe treasurer, and there has been no change in the officers since the organization of the company. No resolution or by-law was ever adopted providing for the time or place of meeting of the directors, nor does any record of the proceedings of the board seem to have ever been made or kept. The custom was to hold the meetings of the board for the transaction of business at such times as the necessities of the business required and the convenience of the members permitted.

The company being largely indebted to William Lowe prior to the fourteenth day of May, 1889, Lowe assigned his claim to plaintiff, who on that day duly commenced an action against the company to recover the amount due thereon, which finally resulted in a judgment in plaintiff's favor. After the commencement of this action and before final judgment, directors Dunbar, Wallace, and McDougall, without any notice to the other directors, assembled by mutual consent at the office of Emmons & Emmons in the city of Portland, and pretended to pass a resolution authorizing the president and secretary of the company to assign all its property to R. W. Emmons for the benefit of its creditors, after which a deed of assignment was executed in due form. It is claimed by plaintiff that the proceedings of this meeting are illegal and void, because it was convened without notice, verbal or written, to the directors who did not attend; and in this we think he is abundantly supported both by reason and authority.

It is indispensable to a legal meeting of the directors of a corporation for the transaction of business, that all the

directors have notice actual or constructive of the time and place of the meetings.    Otherwise, it might happen that a bare majority of the quorum present being a minority of the whole, would do some act contrary and in opposition to the will of the majority.    The stockholders and other persons interested in the corporation are entitled to the combined wisdom of all the directors.    Where the time and place has not been fixed by some other competent authority, such meetings must be called by personal notice to each member of the board of directors.    " It is not only a plain dictate of reason," says Mr. Justice Cowan, " but a general rule of law, that no power or function entrusted to a body consisting of a number of persons, can be legally exercised without notice to all the members composing such body."    (*People* v. *Batchellor*, 22 N. Y. 134.)    And this is so for the transaction of even ordinary business.

But here an extraordinary act was to be performed,—the assignment and transfer of all the property of the corporation,—and there was, therefore, the greater reason that all the directors should be informed of the meeting, so that their advice and counsel might be had before this important step was taken.    The board consisted of five members, a bare majority of whom assembled to perform the act and dispose of the property of the company.    In such case it might happen, if no more were notified, that two of the five directors would perform it, although against the will of the remaining three.    To prevent such a possibility, it is necessary that all be notified.    It is no excuse to say that the three who were present all voted for the resolution, and had the other two been present the result would have been the same.    The right to deliberate, and by their advice and counsel convince their associates, if possible, is the right of the minority, of which they cannot be deprived by the arbitrary will of the majority.    (*Com.* v. *Cullen*, 13 Pa. St. 133.)

All persons interested in the corporation are entitled to the advice and influence as well as the votes of all the directors.    And, says Mr. Morawetz, " while it may not be the

XXI Or.—37.

duty of every director to be present at every meeting of the board, yet it is certainly the intention of the shareholders that every director shall have a right to be present at every meeting, in order to acquire full information concerning the affairs of the corporation and to give the other directors the benefit of his judgment and advice. If meetings could be held by a bare quorum without notifying the other directors, the majority might virtually exclude the minority from all participation in the management of the company." (Morawetz Corp. § 532.)

Where the meeting is a general or stated one, provided for in some resolution or by-law, notice of the time and place of the meeting is perhaps, in the absence of a different provision in the charter or by-laws of the company, not necessary. (*State ex rel.* v. *Bonnell,* 35 Ohio St. 10; *People* v. *Batchellor, supra; Merritt* v. *Ferris,* 22 Ill. 303; *Warner* v. *Mower,* 11 Vt. 385.) In such case each member is presumed to have notice of the day fixed for the meeting. But if the meeting be a special one, personal notice, if practicable, is necessary to each member unless all are present and participate in the proceedings. And such notice is essential to the power of the board to do any act which will bind the corporation, and without such notice or the presence of all the directors its acts are void. This is the general rule under all the authorities; the few cases of dissent or apparent dissent *Bank* v. *Flour Co.* 41 Ohio St. 552; *Edgerly* v. *Emerson,* 23 N. H. 555, being borne down by the great weight of authority. (Beach Priv. Corp. § 279; *Com.* v. *Cullen,* 13 Pa. St. 133; 53 Am. Dec. 450; *State ex rel.* v. *Furgeson,* 31 N. J. L. 107; *Harding* v. *Vanderwater,* 40 Cal. 77; *Gordon* v. *Preston,* 1 Watts, 385; 26 Am. Dec. 75; *People* v. *Batchellor,* 22 N. Y. 128; *Pike Co.* v. *Rowland,* 94 Pa. St. 238; *People's, etc. Ins. Co.* v. *Westcott,* 14 Gray, 440; *Covert* v. *Rogers,* 38 Mich. 363; 31 A. R. 313; *Doyle* v. *Mizner,* 42 Mich. 332; *Baldwin* v. *Canfield,* 26 Minn. 43; *D'Arcy* v. *Ry. Co.* L. R. 2. Ex. 158; *Stow* v. *Wyse,* 7 Conn. 214; 18 Am. D. 99, and note; Angell & Ames C. § 488; Green, Brice's U. V. 438; Field's L. B. § 205; *In re St. Helens M. Co.* 3 Saw. 88.)

The provisions of the statute, that the powers vested in the directors may be exercised by a majority of them (Hill's Code, § 3227) does not change the rule or render it any the less necessary that the other members should have notice of the meeting. (*Harding* v. *Vanderwater, supra.*) It presupposes a legally authorized meeting. When the meeting is a regular one, or, if special, called with notice to each director, then, if a majority be present, they may legally exercise the powers vested in the directors, otherwise not. It is not pretended that there was any notice actual or constructive to directors Lowe and Council, of the meeting at which the assignment was authorized, nor does there appear to have been any excuse for not notifying them. Lowe's place of business was but a short distance from the place of the meeting, and Council resided at Columbia City, a few miles below Portland. In fact, it would seem from the evidence, that the omission to notify Lowe, at least, was intentional, because it was thought he would oppose the assignment.

This case then does not come within the exception to the rule requiring actual notice, as held by some of the courts, when the absent director is out of the state or inaccessible. (*Chase* v. *Tuttle,* 55 Conn. 455; S. C. 3 Am. St. Rep. 64.) The fact that Lowe was and is the person beneficially interested in the judgment of plaintiff, and therefore the principal creditor of the company, furnished no excuse for not notifying him of the proposed meeting of the directors, the object of which was to place the property of the company beyond the reach of an execution issued on any judgment plaintiff might recover, and to prevent him from enforcing the individual liability of the stockholders. He was a director and stockholder, and as such had a right, if he desired, to be present and participate in the proceedings of a meeting of such vital importance to the company as well as himself. We are, therefore, clearly of the opinion that the action of the board authorizing the

assignment is void for the want of notice to the directors who did not attend.

It was urged at the argument that plaintiff could not in this suit, question the validity of this assignment because this is in the nature of a collateral attack. It is clear that the creditors as well as the stockholders can impeach the transfer of property by the corporation for want of previous action of the board of directors, but it is sometimes said this cannot be done collaterally but only by a direct proceeding brought for that purpose. (*Eno* v. *Crooke*, 10 N. Y. 60; *Castle* v. *Lewis*, 78 N. Y. 131.) But on this record it can hardly be said that this is a collateral attack within the meaning of this rule. Defendants rely solely upon this assignment as a defense to this suit. The plaintiff, therefore, has a right to insist that the proof on their behalf shall show an assignment on its face apparently valid, and this it fails to do, because it affirmatively appears it was not authorized at a legal meeting of the directors. Hence this is simply a failure of proof and the defense is not made out.

The decree of the court below is therefore affirmed.