## APPEAL OF THE BOATMEN'S BANK.

### Kansas City Court of Appeals, March 7, 1898.

**Assignment:** REMOVAL OF ASSIGNEE: CAUSE. An assignee for creditors will not be removed for the mere facts of former connection with the bank, relationship to the directors and a refusal to let one creditor examine the books where the assignee offers to have the books examined under an order of the court.

*Appeal from the Saline Circuit Court.*—HON RICHARD FIELD, Judge.

AFFIRMED.

BEEBE & WATSON and HERIDER & HERIDER for appellant.

(1) While an assignor under the statutes has a right to select an assignee, such selection must be made with reference to the interests of creditors rather than the debtor. Matter of Kaughn, 13 Daly; Angell v. Rosenbury, 12 Mich. 253; Guerin v. Hunt, 6 Minn. 395. The law contemplates that such assignee shall be an entirely disinterested party. Roan v. Winn, 93 Mo. 512; Kehoe v. Taylor, 31 Mo. App. 588. In matter of Petition of Cohen, 78 N. Y. 248; In re Mayfield, 17 Mo. App. 690, 691. (2) The assignee in this case was not competent to act for the creditors, because he was and is an interested party in the assignment. Therefore under sections 2761 and 2762, Revised Statutes 1889, before said assignee violated the express terms of Revised Statutes 1889, section 458, his relations to the directors of said bank were such that he should have been removed. Matter of Kaughn, *supra;* Angell v. Rosenbury, *supra;* Kehoe v. Taylor, *supra;* In re Mayfield, *supra;* In the matter of Petition of Cohen, 78 N. Y. 248.

JNO. A. RICH and DAVIS & DUGGINS for respondent.

(1) The directors of the bank had the right to select the assignee without consulting the creditors. Burrill on Assignments [5 Ed.], sec. 91, p. 135. The fact that respondent was an employee of the bank does not disqualify him—he might have properly been appointed, even if he had been an officer of the bank. Pope v. Brandon, 2 Stew. (Ala.) 401; Covert v. Rogers, 38 Mich. 363. Nor does the fact that he is

related to one of the directors affect his competency to act as assignee.    Schultze v. Hoagland, 85 N. Y. 464.

ELLISON, J.—Storts, the respondent in this case, was appointed assignee of the Citizens' Stock Bank at Slater, Missouri.    Afterward the appellant, a creditor of the bank, filed its motion to remove the assignee. The circuit court overruled the motion and an appeal was taken to the supreme court.    That court held the case *not within its jurisdiction* under the constitution and transferred it to this court as provided by statute.

STATEMENT.

The chief reasons given us by appellant why we should reverse the judgment and order the removal of the assignee are that he had been for several years prior to the assignment a stockholder and an employee in the bank, keeping the individual ledgers of the customers of the bank and at times acting as teller.    That his father had also been a stockholder as well as a director and that he had relatives who were debtors to the bank in sums of money exceeding $100,000.    That relatives of other directors were also heavily indebted to the bank.    That others owed the bank large sums of money for which no security had been taken by the bank.

The further reason is urged that in January, 1895, the creditors of the bank notified the assignee in writing to bring suit against the directors for having loaned more than twenty-five per cent of the capital stock to one individual which he refused to do unless advised by his counsel, and that his counsel were also attorneys for the directors against whom suits had been brought directly by the creditors.    And finally, that when one of the attorneys for this appellant asked to have some one examine the books of the bank and to see that they

were properly kept and protected the assignee refused the request.

The foregoing grounds for removal as stated by appellant are not, as a matter of law, sufficient to justify the removal of the assignee. Pope v. Brandon, 2 Stew. (Ala.) 401; Covert v. Rogers, 38 Mich. 363; Burrill on Assignments, sec. 91. Nor does the fact that the assignee is related to one of the directors affect his competency. Schultze v. Hoagland, 85 N. Y. 464. Since therefore, in our opinion, the evidence preserved tends to support the trial court's conclusion we will disallow appellant's objections.

ASSIGNMENT: removal of assignee: cause.

The evidence showed that the assignee refused to permit the appellant as a creditor to select some one to take charge of the books and papers of the bank for the purpose of examination, not that he objected to them being examined, but that he did not deem it prudent to allow one creditor any courtesy or privilege he could not prudently grant to all. That to grant such request to all, would create confusion and would tend to disarrange the orderly and proper administration of the bank's affairs. The assignee, however, offered to have, and did have, the circuit court appoint a competent person to examine the books and papers of the bank. That the order for this appointment was obtained in the presence of one of the attorneys for this appellant who made no objection thereto. The failure to bring suit against different persons owing the bank was explained by a statement that at the time he was requested to do so he had not become sufficiently advised as to the condition of the bank's affairs or as to the necessity and prudence of immediate action against the debtors. It further appeared in evidence that the creditors themselves had instituted suits.

It would serve no useful purpose to further detail evidence placed before the trial court, further than to say, as before stated, that it tends to justify the conclusion reached, and that it was clearly shown by different attorneys for creditors that respondent had always been disposed to aid them in their investigations of the books and that he rendered to them all information he could.

We think the judgment should be affirmed. All concur.