Argued February 14, affirmed February 29, 1916.

## DUNDAS v. GRAND VIEW LAND CO.

(155 Pac. 365.)

**Appeal and Error—Assignments of Error—Indefiniteness.**

1. Assignments of error that the court erred in admitting evidence against the defendant's objection, in permitting the plaintiff to introduce on rebuttal evidence to sustain his main cause of action, and in denying defendant's motion for new trial, are too indefinite to challenge the correctness of the procedure in the Circuit Court.

**Appeal and Error—Reservation of Grounds of Review—Motion for New Trial—Indefiniteness.**

2. The only reason specified in support of defendant's motion for new trial in the Circuit Court, being "error in law occurring at the trial in the admission and rejection of evidence objected to by the defendant, to which rulings the defendant excepted," was too indefinite to support relief for defendant, and could not be considered on appeal.

From Multnomah: John P. Kavanaugh, Judge.

Department 1.    Statement by Mr. Justice Burnett.

This is an action by A. L. Dundas against the Grand View Land Company, an Oregon corporation.

It is admitted that a Wisconsin corporation doing business in Oregon employed the plaintiff to act as its manager at $100 per month, and that afterward the defendant took over all its property and agreed to pay all the debts of the Wisconsin concern.    The plaintiff alleges, and the defendant denies, that he performed services for the assignor of defendant amounting at the agreed rate to $2,730, no part of which has been paid. The defendant set up a counterclaim in damages amounting to $2,500 based upon alleged shortcomings of the plaintiff in his employment, and this was traversed.    From a judgment in favor of the plaintiff after a jury trial, the defendant appealed, making the following assignments of error: (1) The court erred in admitting evidence against defendant's objection; (2) the court erred in permitting the plaintiff to introduce

on rebuttal evidence to sustain his main cause of action; and (3) the court erred in denying defendant's motion for a new trial.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. R. Sleight.*

For respondent there was a brief with oral arguments by *Mr. Marion B. Meacham* and *Mr. G. E. Hamaker.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The claims of error are too indefinite to challenge the correctness of the procedure in the Circuit Court: *Redsecker* v. *Wade,* 69 Or. 153 (134 Pac. 5, 138 Pac. 485, Ann. Cas. 1916A, 269) ; *Ellis* v. *Abbott,* 69 Or. 234 (138 Pac. 488).

2. By motion and affidavit the plaintiff contends that the ruling of the Circuit Court on the motion for new trial there, as noted above, was not included in the bill of exceptions. We do not decide whether it was or not, for, if it was, it would not affect the result. From the files connected with the matter, it appears that the only reason specified for a new trial in the Circuit Court was thus expressed:

"Error in law occurring at the trial in the admission and rejection of evidence objected to by the defendant to which rulings the defendant excepted."

On principle this is likewise too indefinite to support any relief for the moving party, and could not be considered here, although there had been no question about its inclusion in the bill of exceptions.

The judgment is affirmed.        AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BENSON concur.