Submitted on motion to dismiss April 15, motion denied April 28,
    1925, submitted on motion to dismiss April 19, motion denied
    June 21, argued on the merits December 15, 1927, affirmed
    January 10, costs taxed January 14, rehearing denied April 20,
    1928.

# V. H. VAWTER v. ROGUE RIVER VALLEY CAN-NING COMPANY.

### (257 Pac. 23; 262 Pac. 851.)

**Appeal and Error—Exceptions, Bill of—Appeal will not be Dismissed Solely for Failure Promptly to File Bill of Exceptions and Transcript of Testimony.**

1. Appeal will not be dismissed for failure to file bill of exceptions and transcript of testimony till after expiration of term next following appeal, where they were filed as soon as they could be presented and certified, and transcript consisting of copy of judgment, notice of appeal and proof of service and undertaking was filed during term at which appeal was perfected, and printed abstract was filed at next term of Supreme Court.

### ON THE MERITS.

**Novation—Whether There was Novation, in That Third Party With Defendant's Consent was Substituted as Debtor for Plaintiff's Remote Assignor, Thereby Extinguishing Indebtedness, Held for Jury.**

2. In action for goods sold and delivered, in which defendant set up prior indebtedness of plaintiff's remote assignor, evidence *held* sufficient to take to jury question whether there was novation, in that third person with consent of defendant was substituted as debtor for plaintiff's remote assignor and latter's indebtedness thereby extinguished.

**Novation—To Constitute "Novation," Contract must be Result of Concurrence and Consent of Original Debtor, New Debtor and Creditor.**

3. To constitute "novation" by substitution of debtor, contract must be result of concurrence and consent of all parties interested, namely, the original debtor, new debtor and creditor.

**Novation—Essential Element of Novation is Release of All Claim of Liability Against Original Debtor.**

4. One essential element of novation is that there must be release of all claims of liability against original debtor, since it

  1. See 2 R. C. L. 144, 152.

  3. Assent of creditor to substitution of debtor as essential to novation, see note in Ann. Cas. 1914A, 339. See, also, 20 R. C. L. 367, 370.

  4. Release of original debtor as condition of novation by substitution of debtor, see note in L. R. A. 1918B, 113. See, also, 20 R. C. L. 371.

is possible for creditor to accept new debtor as additional debtor still holding original debtor liable.

**Corporations—Ordinarily Corporation Acts Only Through Board of Directors at Regularly Called Meeting and Speaks Through Records.**

5. As general rule, corporation can act only through its board of directors at regularly called meeting, except where directors own all the stock, and ordinarily corporation speaks through its records.

**Novation—In Proving Novation, Release or Discharge of Original Debtor Need not be Established by Direct or Positive Evidence, but may be Inferred or Implied.**

6. In proving novation, it is not necessary that release or discharge of original debtor be established by direct and positive evidence, but such may be inferred from all facts and circumstances or implied from conduct of parties.

**Corporations—Act of Corporate Directors Owning All Stock in Arranging Novation Held Act of Corporation, Though No Meeting was Called.**

7. Act of directors of corporation in arranging novation without calling meeting *held* to be act of corporation in which they were owners of all stock.

**Appeal and Error—Assignment That Court Erred in Permitting Introduction of Evidence Objected to, Which Referred to Bill of Exceptions, Where Exceptions and Objections were Set Out, Held Too Indefinite.**

8. Assignment that "court erred in permitting the introduction of certain evidence which was particularly objected to by defendant and exceptions noted thereon, and which objections and exceptions are fully set out in the bill of exceptions," *held* too indefinite and need not be considered.

**Appeal and Error—Where Evidence was Sufficient to Take Question to Jury, Its Finding was Conclusive.**

9. Where evidence was sufficient to take to jury issue of novation, its findings thereon were conclusive.

---

Appeal and Error, 3 C. J., p. 1370, n. 32; 4 C. J., p. 572, n. 31 New.

Corporations, 14 C. J., p. 886, n. 32; 14a C. J., p. 84, n. 85, p. 85, n. 88.

Novation, 29 Cyc., p. 1131, n. 14, p. 1132, n. 19, p. 1136, n. 38, p. 1139, n. 68, p. 1140, n. 69.

5. See 7 R. C. L. 151, 620.

6. Whether release of original debtor may be established by implication, see note in Ann. Cas. 1912D, 508. See, also, 20 R. C. L. 372.

7. Validity of action by directors without formal meeting, see note in Ann. Cas. 1914B, 715.

8. See 2 R. C. L. 161, 164.

9. See 2 R. C. L. 193.

From Jackson: C. M. THOMAS, Judge.

In Banc.

## MOTION TO DISMISS APPEAL DENIED.

For the motion, *Mr. G. M. Roberts.*

*Contra, Mr. Gus Newbury.*

RAND, J.—1. This is a motion to dismiss the appeal upon the ground that the bill of exceptions was not filed as a part of the transcript on appeal, nor within the time extended by the former order of this court.

The appeal was perfected during the September term, 1924, and a transcript consisting of a copy of the judgment, notice of appeal and proof of service and of the undertaking, was filed during said term, and the printed abstract was filed at the next term of this court. The bill of exceptions and the transcript of the testimony were not filed until after the expiration of the term next following the appeal, but were filed as soon as the same could be prepared and certified to. The filing of the bill of exceptions and of the transcript of the testimony was not jurisdictional and a sufficient excuse having been shown for the delay, the motion to dismiss the appeal should be overruled and it is so ordered.

MOTION OVERRULED.

## ON THE MERITS.

For appellant there was a brief over the name of *Messrs. Newbury & Newbury,* with an oral argument by *Mr. Don Newbury.*

For respondent there was a brief and oral argument by *Mr. G. M. Roberts.*

BELT, J.—This action was commenced to recover $1,603.27 for lumber and building materials sold and delivered by the Southern Oregon Lumber Company to the defendant Rogue River Valley Canning Company. The claim was assigned to the Jackson County Bank, and by it to the plaintiff. The answer admits the sale for the amount alleged but, as a set-off, alleges that the defendant, prior to the assignments above mentioned, loaned to the Southern Oregon Lumber Company various sums of money and that the unpaid balance exceeds the amount demanded in the complaint. The reply admits the various loans alleged in the answer, but pleads a novation in that S. S. Bullis, with the consent of the defendant company, was substituted as a debtor for the Southern Oregon Lumber Company, and that the latter's indebtedness was extinguished. The issue of novation, under appropriate instructions, was submitted to a jury and a verdict returned in favor of the plaintiff. The defendant appeals.

2. Defendant's motions for a nonsuit and a directed verdict present the question as to whether there is any evidence tending to show a novation. The Southern Oregon Lumber Co. is a corporation of which H. E. Hilsinger, E. J. Skewis and S. S. Bullis are the directors and the owners, in equal shares, of all the stock. The Rogue River Valley Canning Company is also a corporation of which S. S. Bullis, E. J. Skewis and R. D. Hoke are the directors and owners, in about equal shares, of all the stock. The logging company was heavily involved financially and, aside from a mortgage encumbrance of about $20,000, had unse-

cured indebtedness amounting approximately to $15,900. In order that the logging company might carry on its operations, its directors mutually agreed that each would personally assume an equal amount of the unsecured indebtedness. Pursuant to this plan, Bullis, in consideration of the logging company's note for $5,300, executed a written contract agreeing to assume and pay a like amount of the company's debts, among which was listed one of the Rogue River Canning Company for $3,287. Hilsinger and Skewis at the same time executed similar written contracts covering other indebtedness. This action was taken without calling any special meeting and on the same day the following letter was written by Skewis to Hoke:

"Talent Orchard Company,
"Talent, Oregon, Medford, Oregon.
"May 6, 1921.
"R. D. Hoke, Director Rogue River Valley Canning Company, Medford, Oregon.

"Dear Sir: Mr. Bullis agreed to assume an account of $3,287 due from the Southern Oregon Lumber Company to the Rogue River Valley Canning Company and received a note in which this account was included. We did not call a special meeting to do this as I thought that as Mr. Bullis and myself were parties to it that a notice of this kind would do to call the matter to your attention as the only other director, relying on your refusing to agree to this by letter or in person if the matter was not entirely satisfactory to you as a director or otherwise.

"Yours truly,
"E. J. Skewis,
"Director, Rogue River Valley Canning Company."

In response to the postscript: "Would be pleased if it was agreeable that you sign and return to me as

soon as possible," R. D. Hoke, on the date of its receipt, signed the letter and returned it to Skewis.

3, 4. It is urged that there is no evidence tending to show that the logging company authorized this substitution or that the canning company, pursuant to any regularly called meeting of the directors, ever agreed to accept Bullis as a debtor and to discharge its claim against the logging company. It is well established that to constitute a novation, by the substitution of a debtor, the contract so to do must be the result of the concurrence and consent of all parties interested, namely, the original debtor, the new debtor and the creditor. The mere agreement of Bullis to assume the indebtedness of the logging company would not, of itself, constitute a novation. There would still remain the essential requisite that the canning company consented to such substitution and looked solely to him for payment. It would be possible to accept Bullis as an additional debtor and still hold the logging company liable. Under such circumstances there would be no novation. One of the essential elements, therefore, is that there must be a release of all claim of liability against the original debtor: *Miles* v. *Bowers,* 49 Or. 429 (90 Pac. 505); 20 R. C. L. 369, and numerous authorities cited in exhaustive note, L. R. A. 1918B, 113.

5. It is conceded that no meeting of either corporation was called to accomplish the alleged novation. Does it follow that what was done is a nullity? As a general rule a corporation can act only through its board of directors at a regularly called meeting. The corporation ordinarily speaks through its records. In *Doernbecher* v. *C. C. L. Co., et al.,* 21 Or. 573 (28 Pac. 899, 28 Am. St. Rep. 766), in speaking of the general rule, the court said:

"But if the meeting be a special one personal notice, if practicable, is necessary to each member, unless all are present and participate in the proceedings, and such notice is essential to the power of the board to do any act which would bind the corporation and without such notice, or the presence of all the directors, its acts are void."

There are exceptions, however, to this general rule, and one is where the directors own all of the stock: *Gerard* v. *Empire Square Realty Co.,* 195 App. Div. 244 (187 N. Y. Supp. 306); *Kozy Theater Co.* v. *Love,* 191 Ky. 595 (231 S. W. 249); *Jordan* v. *Collins,* 107 Ala. 572 (18 South. 137); *Harbor Co.* v. *Manning,* 94 Tex. 558 (63 S. W. 627); Fletcher's Cyc., Corporations, § 1857; 14 C. J. 886. As stated in Thompson on Corporations (2 ed.), Section 1074:

"Another exception to this general rule requiring directors to act as a body, is shown in a case where the directors themselves owned all the stock of the corporation, and authorized the president to sell all the assets, and it was held that it was immaterial that such authority was not given at a regular meeting of the directors. Acquiescence by the stockholders in the action taken by directors separately, and where such action was carried out by the corporation, was held sufficient to render the acts valid."

The written contract establishes beyond question that Bullis agreed to assume and pay the indebtedness of the logging company. It is equally certain that the other directors and stockholders of the latter corporation consented to this assumption of indebtedness. That the canning company accepted Bullis as a new debtor is established by the fact that all of its directors and stockholders gave their approval. The logging company was practically on the rocks. It was for the best interests of the canning company to

accept Bullis as a debtor. Yet we have the anomalous situation of a defendant corporation undertaking to repudiate the act of those who constitute it in its entirety. In view of the interlocking directorate of these two corporations and the plan which was carried out to enable the logging company to operate, we think the reasonable inference may be drawn that it was the intention to discharge the logging company from its liability to the canning company. Otherwise what object could there be in Bullis assuming the indebtedness? Any other deduction would be that Bullis was merely an additional debtor.

6, 7. It is not necessary that the release or discharge of the original debtor be established by direct and positive evidence, but such may be inferred from all the facts and circumstances. It may be implied from the conduct of the parties: *Leckie* v. *Bennett,* 160 Mo. App. 145 (141 S. W. 706); 29 Cyc. 1132. We conclude that the act of the directors, under the circumstances, was the act of the corporations in which they were the owners of all the stock.

8. In the abstract, assignment of error is thus stated:

"That the court erred in permitting the introduction of certain evidence which was particularly objected to by defendant and exceptions noted thereon and which objections and exceptions are fully set out in the bill of exceptions."

This assignment is too indefinite and need not be considered. In *Northern Pacific T. Co.* v. *Lowenberg,* 11 Or. 287 (3 Pac. 683), an assignment reads thus: "That the court below erred in admitting certain testimony as is fully stated in the bill of exceptions herein filed," and "In excluding certain testimony as

is fully stated in said bill of exceptions," and the court held that such was too indefinite. Also see *Redsecker* v. *Wade,* 69 Or. 157 (134 Pac. 5, 138 Pac. 485, Ann. Cas. 1916A, 269); *Dundas* v. *Grand View Land Co.,* 79 Or. 379 (155 Pac. 365).

9. There was no error in submitting the issue of novation to the jury and its finding is conclusive.

The judgment of the Circuit Court is affirmed.

AFFIRMED. COSTS TAXED. REHEARING DENIED.

RAND, C. J., and BEAN and BROWN, JJ., concur.