Argued June 27, affirmed July 24, 1963

PRIGGE ET UX *v.* CARMICHAEL ET AL

384 P. 2d 146

*Al J. Laue,* Salem, argued the cause for appellants. With him on the brief were Williams & Skopil, Salem.

*Myron L. Enfield,* Salem, argued the cause for respondents. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

ROSSMAN, J.

■■ This is an appeal by the defendants from a judgment of the circuit court which is based upon findings of fact and conclusions of law. Since the challenged judgment arose out of an action at law, all ancillary facts are binding upon us and cannot be retried if they are supported by substantial evidence. The action sought judgment for the balance unpaid upon a promissory note in the denomination of $21,673.21 which the defendants signed January 2, 1952, and rendered payable to the plaintiffs. The defendants alleged a novation. Accordingly, the execution of the note and its validity were conceded. The signers of the note were ten in number, but death had reduced them to eight before the complaint was filed. The eight are the defendants. The plaintiffs, husband and wife, are the holders of the note.

The defendants-appellants submit a single assignment of error which reads:

"The plaintiffs agreed to accept the promissory note executed by Capital Auto Parts, Inc., on or about the 5th day of June 1956, in the sum of $37,379.74, as a substitution for and in full payment

and satisfaction of the note upon which plaintiffs' complaint is based."

Capital Auto Parts, Inc., was not incorporated until December 31, 1952, virtually one year after defendants had signed the note upon which this action is based. Its incorporators were the individuals whom we have mentioned. The note upon which this action is grounded and three others were signed by all of the ten persons just mentioned and were made payable to the plaintiffs. The four notes represented a part of the purchase price of a business known as Capital Auto Parts which the ten persons purchased on January 2, 1952, from the plaintiffs. At the time of their purchase those ten persons began to do business as a partnership under the assumed name of Capital Auto Parts. The business unit had been established some years previously by the plaintiffs under the assumed name of Capital Auto Parts. January 2, 1952, the plaintiffs, as we said, sold the business establishment to the ten persons whom we have mentioned. They proceeded at once with its operation as a partnership. The defendants-appellants contend that on June 5, 1956, the plaintiffs agreed, through a novation, to accept the note of Capital Auto Parts, Inc., for notes in the same amount which had been signed by the aforementioned ten individuals; and, going on, contend that the plaintiffs thereupon agreed to deem the four notes that the individuals had signed as satisfied and discharged.

The principle of law known as novation controls this case. It was stated by Justice LUSK in *Credit Bureaus v. Cox Brothers,* 207 Or 253, 295 P2d 1107, from which we quote the following:

"Novation may be defined as 'the substitution

by mutual agreement of one debtor or of one creditor for another, whereby the old debt is extinguished, or the substitution of a new debt or obligation for an existing one, which is thereby extinguished.' 66 CJS 681, Novation § 1a. An essential element of novation is that there must be a release of all claim of liability against the original debtor, since it is possible for a creditor to accept a new debtor as an additional debtor still holding the original debtor liable. Vawter v. Rogue Valley Can. Co., 124 Or 94, 99, 257 P 23, 262 P 851. The creditor's assent to hold the new debtor liable is immaterial unless there is assent to give up the original debtor. Haines v. Pacific Bancorporation, 146 Or 407, 413, 30 P2d 763. A novation is never presumed, and the burden is on the party asserting that a novation has taken place to establish all the essential elements by legal and sufficient evidence. 39 Am Jur 266, 272, Novation §§ 21, 33; 66 CJS 714, Novation § 26. The controlling element is the intention of the parties, and, unless there is a clear and definite intention on the part of all concerned to extinguish the old obligation by substituting the new one therefor, a novation is not effected. 66 CJS 703, Novation § 183; 39 Am Jur 266, Novation § 21. And the mere fact that a creditor, with knowledge of the assumption by a third person of the debtor's obligation, consents thereto, does not amount to a release of the original debtor or an extinguishment of the original debt.  *   *   *

"Among numerous cases in which it has been held that the taking by the creditor of a note of a third person who has assumed the debt does not of itself operate as a novation releasing the old debtor, see Smith v. Brown, 12 La Ann 299; Grant-Holub Co. v. Goodman, 23 Oh App 540, 156 NE 151; In re Daknke-Walker Milling Co., 1 F2d 404; Lutz v. Williams, 79 W Va 609, 91 SE 460, LRA 1918A 76; Montgomery Bank & Trust Co. v. Jackson, 190 Ala 411, 67 So 235; Mount v. Dehaven, 29 Ind App 127, 63 NE 330."

At the time of purchase the ten purchasers secured the payment of two of the notes by executing a chattel mortgage which described some of the personal property that constituted assets of the business enterprise. Two of the notes were not covered by the chattel mortgage. One of those two, in the amount of $21,673.21, is the subject matter of this appeal. The other unsecured note, in the denomination of $1,200, is not germane to any issue before us and we will mention it no further.

December 31, 1952, the defendants formed the corporation entitled Capital Auto Parts, Inc., and transferred to it the assets of the partnership.

June 5, 1956, the corporation signed the promissory note in the sum of $37,379.74 which is mentioned in the assignment of error. Its amount represented the total unpaid balance as of that time of the four notes which the ten original partners had signed as individuals January 2, 1952. That note (for $37,379.74) is not the subject matter of this action. The subject matter of this action is the note which the individual defendants signed January 2, 1952, in the amount of $21,673.21. The sum for which judgment was given, $17,780.10, together with 5 per cent interest thereon from March 10, 1961, and an attorney fee of $1,000.00 is not challenged by the defendants in appealing.

We see from the foregoing that when the defendants purchased from the plaintiffs the latter's business venture a large part of the purchase price was represented by four promissory notes, all signed by the ten purchasers. Two of the notes were secured by a chattel mortgage which described much of the personal property that constituted the business. The other two notes were unsecured—one of these is the subject matter of this appeal. The four notes required

the defendants to make monthly a payment upon principal and at the same time discharge current interest.

By 1956 the defendants found it increasingly difficult to maintain the required payments. In June of that year the defendant Paul Carmichael, who managed the business, and Ross Cooper, now deceased, but who in 1956 was active in the business, called upon the plaintiffs and requested that the amount of the monthly payment be reduced. They offered to secure the payment of all four notes by a chattel mortgage which would describe not only all the equipment that was in the place January 2, 1952, but also some subsequently acquired assets. The plaintiffs suggested that the required monthly payment on principal be reduced to $300 for one year and that in the second year it be increased to $700 to make amends for the reduction. The plan for (1) a one year reduction, (2) the subsequent increase, and (3) the additional security was satisfactory to all four individuals.

During the conference that the plaintiffs had with Mr. Cooper and Mr. Carmichael nothing was said about a new note or substituting a new one for the existing four. Nor was anything said to the effect that a new note signed by the corporation would be substituted for the four notes or any one of them. Likewise, nothing was said to the effect that the notes signed by the ten purchasers would be canceled and deemed paid. The matter of a novation was not mentioned by the use of that term or any words that designate a novation. The plaintiffs swore that they were not aware of the fact that Capital Auto Parts, Inc. (the corporation) had been formed and that the corporation was not mentioned—at least not by name —during the conference. It is evident that the subject of discussion in the plaintiffs' home was the monthly

payments, their burdensome nature, and the request of Cooper and Carmichael for a reduction in their amount. Incidental to that subject was the offer of Cooper and Carmichael to secure the payment of all four notes by a chattel mortgage upon the assets of the business. A rephrasing of the notes and the relationship between the plaintiffs on one side and the eight defendants upon the other received no mention during the meeting.

After Mr. Cooper and Mr. Carmichael returned to Salem, Carmichael called upon a firm of attorneys who thereupon prepared the note for $37,379.74 representing the unpaid balance of the four notes. The attorneys also prepared a chattel mortgage to secure the payment of the new note and a satisfaction of the existing chattel mortgage. It will be recalled that the existing chattel mortgage did not mention or affect the unsecured note upon which the action at bar is based. Accordingly, a satisfaction of the existing chattel mortgage would not affect in any way the note now at bar.

Mr. Carmichael testified:

"That evening we got back into Salem, Mr. Cooper and I. The next day I went to Williams and Skopil with the notes and figures that had been agreed upon at Waldport and told them to make up a new chattel mortgage and satisfaction of the old one and send them to the Prigges."

Unless Mr. Carmichael misspoke himself—and he makes no claim to that effect—he did not direct the attorneys to prepare a new note. Nor did he request them to prepare any instrument that would bring about a novation. The "satisfaction of the old one," that is, of the existing chattel mortgage, would in no manner affect the note now at bar because the latter

was unsecured. Somehow, there was prepared not only "a new chattel mortgage" and a "satisfaction of the old one," but also a note comprising the total of all the four existing notes for signature by the corporation. Unlike the existing notes which bore the signatures of all the ten original partners, the new note bore the signature of the corporation alone. It is now claimed that when it was sent to the plaintiffs and they retained it a novation came about. Mr. Cooper died before this case was instituted and therefore his testimony is unavailable.

Mr. Prigge swore, as we have seen, that when the conference was held in his home he was unfamiliar with the fact that a corporation was carrying on the business that the partnership had previously conducted. When the venture began doing business in corporate form it continued to use the stationery of the partnership and it did not cancel the assumed business name certificate until some years later.

The plaintiffs admit that on or about June 5, 1956, they received the note in the sum of $37,379.74 which the corporation (Capital Auto Parts, Inc.) had signed. They also admit that at the same time they received the chattel mortgage likewise signed by the corporation. It may be that the receipt of those documents should have informed the plaintiffs that the business was being conducted in corporate form; but there are circumstances that may explain their failure to grasp the significance of that fact. However, the plaintiffs did not surrender the four notes signed individually by the original ten partners. They still possessed those notes on the day of the trial and the defendants had never asked for their return. Nor had the plaintiffs ever agreed to return the notes or accept the cor-

poration's note in substitution for the individually signed notes.

June 16, 1958, the corporation known as Capital Auto Parts, Inc., was declared an involuntary bankrupt. About two years later it was discharged.

■ We observed from our quotation from *Credit Bureaus v. Cox Bros.*, supra, that a party who alleges that a novation occurred has the burden of establishing an "intention on the part of all concerned to extinguish the old obligation by substituting the new one therefor." The same decision also states:

> "* * * The creditors' assent to hold the new debtor liable is immaterial unless there is assent to give up the original debtor. * * *"

Again we quote from that decision:

> "Among numerous cases in which it has been held that the taking by the creditor of a note of a third person who has assumed the debt does not of itself operate as a novation releasing the old debtor * * *."

We think that the evidence fails to show that the plaintiffs agreed to accept the corporation as their debtor and release the defendants. It is true that the plaintiffs took into their possession and kept the note of the corporation, but no evidence indicates that they agreed to release the defendants from liability upon the notes bearing the defendants' signatures. If the corporation, incidental to giving the plaintiffs a chattel mortgage upon its property, was willing to sign a note for the debt, the plaintiffs could accept the note without releasing the defendants from liability upon the notes which they had signed individually.

The assignment of error cannot be sustained. The judgment of the circuit court must be affirmed.