## Staunton.

BLACK'S ADMINISTRATOR v. VIRGINIA PORTLAND CEMENT CO.

September 21, 1905.

1. MASTER AND SERVANT—*Assumed Risks—Negligence of Master.*—A servant, by implication, assumes the ordinary risks incident to the service in which he engages, but not those risks which may be obviated by the master by the exercise of reasonable care on his part. A failure on the part of the master to observe, for the protection of his servant, that reasonable degree of care which the circumstances of the particular case justly demand is actionable negligence, and is not within the influence of the doctrine of assumed risks.

2. DECLARATION—*Case at Bar—Personal Injury—Safe Place—Defences.*—A declaration which states that the plaintiff was in the employment of the defendant, who was engaged in quarrying rock, that the defendant, whose duty it was to keep its quarry in a reasonably safe condition, knowingly permitted a stone to remain in a position from which it was liable to fall at any time, and that it did fall, on a day stated, upon the plaintiff, who was ignorant of the danger, and in the exercise of due and proper care, and caution, by reason of which the injury complained of was inflicted, is good on demurrer. If the defendant relies upon the fact that the place was one in which the conditions were constantly changing, and that the preparation of it was a part of the work of the plaintiff, or that the danger was open and obvious, these are matters of defence to be established by proof.

Error to a judgment of the Circuit Court of Augusta county, in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Braxton & Wayt* and *Curry & Glenn,* for the plaintiff in error.

*Patrick & Gordon,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This is an action of trespass on the case in which the administrator of George H. Black, deceased, sues the Virginia Portland Cement Company for injuries resulting in the death of his intestate.

The declaration shows that George H. Black was, when injured, in the employment of the Portland Company, engaged in getting out rocks from its quarry, and, after stating in general terms the obligation of the company to its servants, proceeds as follows: "It was particularly the duty of the said defendant company to keep and maintain the walls and sides of its said quarry, which walls and sides were of great height and very abrupt, clear of loose rock or of such rock and stones as were liable to fall down and injure or kill its servants while at work in said quarry; and said plaintiff says that the said defendant disregarded its duty in this behalf, and carelessly and negligently failed to keep its said quarry in a reasonably safe condition, and left rocks or stones in the walls or sides of said quarry loose and in such a condition that they were liable to fall from their places on said defendant's servants, while they were at work in the said quarry, for said defendant, for hire; and said defendant carelessly and negligently left a certain rock or large stone in such condition in the wall or side of its quarry, that it was liable at any time to fall out of its place and down upon the servants of the said defendant while they were at work in the said quarry, for hire, and to injure and kill them, and of all of which the said defendant had notice, and especially had notice of the dangerous condition of the said rock or large stone, and the dangerous condition of the said quarry, and the danger from the said rock or stone was unknown to the said plaintiff's intestate, George H. Black. And said plaintiff says that at the time aforesaid, to-wit: on the

11th day of January, 1904, while his said intestate, George H. Black, as a servant for hire, of the said defendant company, was at work in the said quarry in the course of his employment, not knowing the danger, and while in the exercise of due and proper care and caution on his part, the said rock or stone fell from its place from the wall or side of said quarry, to-wit, a great distance, and with great force, and struck him, the said George H. Black, and severely bruised, injured and crushed him, so that by reason thereof he died."

The defendant company appeared and demurred to this declaration, and upon the demurrer judgment was rendered in its favor; and thereupon the plaintiff obtained a writ of error from this court.

It is true that a workman or servant on entering into an employment, by implication agrees that he will undertake the ordinary risks incident to the service in which he is to be engaged. But it is also true that a servant does not assume any risk which may be obviated by the exercise of reasonable care on the master's part. Labatt on Master and Servant, secs. 1 and 2.

Negligence, in a legal sense, is "failure to observe for the protection of the interests of another person that degree of care, precaution, and vigilance which the circumstances justly demand, whereby such other person suffers injury. Cooley on Torts, p. 630.

Any failure upon the part of the master to observe for the protection of his servant that reasonable degree of care which the circumstances of the particular case justly demand is actionable negligence, and is not within the influence of the doctrine of assumed risks.

The declaration before us states that the plaintiff's intestate was in the employment of the Cement Company, engaged in quarrying rock; that the defendant company, whose duty it was to keep its quarry in a reasonably safe condition, knowingly permitted a stone to remain in a position from which it was

liable to fall at any time and that in fact it did fall on the day stated upon George H. Black he being ignorant of the danger and in the exercise of due and proper care and caution, by reason of which he received injuries which resulted in his death.   It would seem beyond dispute that this state of facts disclosed actionable negligence upon the part of the defendant in error.   Every fact here stated is upon demurrer to be taken as true,—that the rock which inflicted the injury was in a position from which it was liable to fall; that the master knew this fact, and negligently permitted it to remain; and that the servant, ignorant of the situation, remained at work in the quarry in the due course of his employment, and, while in the performance of his duty, received the fatal injury.   If these facts be established a case of negligence is made out which entitles the plaintiff in error to a recovery.

The view of the case urged by counsel for the Cement Company is that the employee in this case was working in a place in which the conditions were constantly changing, and the preparation of which was in itself part of the work of the employees, and not a place furnished by the master for its employees within the spirit of those decisions which delegate to the master the duty of providing for the servant a safe place to work. Labatt on Master and Servant, sec. 612a, note 10.

This would seem to be a matter of defense.   If it should be made to appear to the jury that the accident arose from the changing and shifting conditions of the quarry, resulting from its operation, of which the master was not informed and which he could not be reasonably expected to have known, or if it were the result of an open and obvious danger of which the plaintiff in error had knowledge or of which in the exercise of ordinary care he should have known it may be that in these cases, and perhaps in others which could be suggested, the defendant in error would be entitled to a verdict.   But such is not the case stated in the declaration.

We are of opinion that the declaration under consideration sets out a good cause of action, and that the judgment of the Circuit Court sustaining the demurrer was erroneous.

*Reversed.*