## Richmond.

### United States Leather Co. *v.* Showalter.

March 28, 1912.

Absent, Cardwell, J.

1. Master and Servant—*Youthful Servant—Warning of Dangers.*—It is the duty of the master to take notice of the apparent age of a youthful employee, and, when he is known to be inexperienced, to give him warning of the dangers to which he will be exposed. The mere fact that he is over the age of fourteen years does not relieve the master of this duty, nor shift the burden of proving his non-appreciation of the dangers of the service.

2. Master and Servant—*Youthful Servant—Personal Injury—Contributory Negligence.*—If an injury is inflicted upon a young and inexperienced servant through the negligence of the master, without any greater want of care and caution on the part of the servant than was reasonably to be expected from one of his age, experience, and mental capacity, under all the circumstances, then the servant is entitled to recover.

3. Master and Servant—*Negligence—Assumed Risks—Youthful Servant.*—The only risks assumed by a servant in entering upon and remaining in the service of the master are the ordinary risks of the service, and risks from causes which are known to him, or which are so open and obvious as to be readily discernible by one of his age, experience, and mental capacity, in the exercise of ordinary care.

4. Master and Servant—*Injury to Servant—Assumed Risks—Youthful Servant.*—A servant who is injured in executing a direct order of the master will not be held to have assumed the risk incident to obeying such an order, unless the danger is so great that a reasonably prudent man would not encounter it; and, in determining the degree of care to be exacted of a youthful servant, his age, experience, and mental capacity should be taken into consideration.

5. Instructions—*Jury Fully Instructed.*—It is not error to refuse an instruction, although it be correct, when the jury has already been fully instructed on that subject.

6. Appeal and Error—*Verdict Sustained by Evidence—Instructions.*—The verdict of the jury will not be disturbed, on a writ of error, where the case was fairly submitted to the jury on proper instructions, and the evidence was ample to sustain the verdict.

Error to a judgment of the Circuit Court of Alleghany county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*P. H. C. Cabell,* for the plaintiff in error.

*John T. Delaney* and *George A. Revercomb,* for the defendant in error.

By the Court:

The defendant in error, Showalter, a youth between seventeen and eighteen years of age, was employed by the plaintiff in error to operate a machine in their tannery, known as a "wringer." On the occasion of the accident, while Showalter was engaged in cleaning the machine with "waste," his left hand was drawn into the cog-wheel, resulting in the loss of his index finger, two joints of his middle finger, and part of his thumb.

There was an award of $2,000 for the injury suffered, and to the judgment of the circuit court sustaining the verdict of the jury this writ of error was awarded.

The material facts of the case, from the view-point of a demurrer to the evidence, are these: Showalter had been employed by the company on three different occasions—for forty days in the fall of 1906, and for three weeks in the fall of 1907, but the work done by him during these periods did not involve the operation of machinery. The third period commenced May 22, and ended July 3, 1908. During this last service, except for the space of two weeks preceding the accident, he worked on a "bleacher," which service only brought him in contact with machinery to the extent of stopping the machine by means of a lever. For the following two weeks he was assigned to help a young man named Gregory in operating a "wringer," a machine used to press water out of leather. On the rear of the "wringer," extending from one side to the other, are two iron rods, two inches in diameter, eight

feet long, and four and one-half inches apart. At each end of these rods are two cog-wheels, one eight and the other three inches in diameter. These cog-wheels are not inclosed. The "wringer" was located in the "scrub" room, where a number of other machines were operated, all by the same motor. These machines were equipped with appliances known as "loose pulleys," by means of which any one of them could be stopped without stopping the others.

After Showalter had been working on the "wringer" for about a week, the superintendent of the company had the loose pulley removed, and the "wringer" was thereafter operated without that appliance. The duty of Gregory and Showalter was to wring a certain amount of leather each day, and then to clean the machine. While the loose pulley was in use they cleaned the "wringer" by throwing water on it while in motion, and then stopping the machine by means of the loose pulley and wiping it with waste. After the loose pulley was removed they were not at once instructed how to clean the machine; but for two days cleaned it simply by throwing water on it while in motion, but did not undertake to wipe the machine with waste. On the next day the superintendent complained that the "wringer" was not being kept clean, and told the boys that if they could not keep it clean he would put others in their places who would do so. He then showed them how to clean the "wringer" while in motion by first throwing on water and then wiping it off with waste. This the boys did in his presence, and repeated the process the next day. But on the day following, while Showalter was engaged in wiping off the "boxing" around one of the revolving shafts with waste, as he had been instructed to do by the superintendent, his hand, in some way unknown to him, was "jerked" into the cog-wheel and injured.

The refusal of the court to set aside the verdict as contrary to the law and the evidence is assigned as error; but from the foregoing summary of the evidence, it is apparent that the assignment is without merit.

The remaining assignment involves the giving of instructions 1, 2, 3, and 4 for the defendant in error, and in refusing to give instructions 9 and 10, prayed by the plaintiff in error.

61

Instruction 1 told the jury "that it was the duty of the defendant company to take notice of the apparent age of the young persons whom it employed in its service, and to use reasonable or ordinary care to protect them from the risks which such young persons could not properly appreciate, and to which they should not be exposed."

The contention of the plaintiff in error with respect to this instruction is that it "imposes upon the defendant a higher degree of duty than the law requires in the case of a bright and intelligent boy seventeen and a half years old. It might be true of a boy under fourteen years of age, but a different rule of law prevails when an employee is over fourteen years of age."

The distinction contended for, except in degree, does not prevail in Virginia, and is not in accord with the weight of authority elsewhere.

1 Labatt on Master and Servant, section 249, says: "But the theory that at the age of fourteen years the stage reached in the development of the child's faculties is so definite that the burden of proving his non-appreciation of the risks of the service is shifted, is contradicted by the weight of authority, and does not seem to rest upon any adequate logical basis." 1 Shearman & Redfield on Negligence, secs. 219, 219a.

Showalter was inexperienced in operating machinery, and the danger of his employment had been greatly enhanced by the removal of the loose pulley. The superintendent knew that it was specially dangerous to clean the "wringer" while in motion, and, consequently, it was his plain duty to have warned Showalter (whose want of experience was known to him) of the danger. *Richmond Locomotive Works* v. *Ford*, 94 Va. 627, 645, 27 S. E. 509; *Jacoby Company* v. *Williams*, 110 Va. 55, 61, 65 S. E. 491.

The second instruction is as follows: "The court instructs the jury that, in determining the question of negligence in this case, they should take into consideration the situation and conduct of both parties at the time of the alleged injury, as disclosed by the evidence; and if they believe from the evidence that the injury complained of was caused by the negligence of the defendant, and without any greater want of ordinary care and caution on the part of the plaintiff than was reasonably to be expected from one

of his age, experience, and mental capacity, under all the circumstances, then the plaintiff is entitled to recover."

This instruction is sustained by the case of *Richmond Traction Co.* v. *Hildebrand*, 99 Va. 48, 34 S. E. 888.

The third instruction told the jury "that the only risks assumed by the plaintiff on his entering the service of the defendant, and while he continued in its service, were the ordinary risks of such service, and all risks from causes which were known to him, or which were so open and obvious as to be readily discernible by one of his age, experience, and mental capacity, in the exercise of ordinary care."

The principles enunciated in this instruction are in accordance with our decisions. See also Phillips on Instructions to Juries, pp. 318–'19.

The fourth instruction is as follows: "The court further instructs the jury that if they believe from the evidence that while the 'wringer' machine operated by the plaintiff was equipped with the loose pulley referred to in the evidence, the plaintiff cleaned said machine by causing it to come to a stand-still by means of the loose pulley, and then threw water on it and wiped it off with waste; and if they further believe from the evidence that for some time after the removal of the said loose pulley he undertook to clean said machine only by throwing water on it while it was in motion; and if they further believe that some days after the loose pulley had been removed, Mr. Minnick, the company's superintendent, directed the plaintiff to clean said machine by throwing water on it and rubbing it with waste while it was in motion, and showed the plaintiff how to clean said machine while in motion, the plaintiff had the right to rely upon the directions given him by the said Minnick, unless the dangers of his undertaking to obey the directions of the said Minnick were so open and obvious as to be discernible by one of his age, experience, and mental capacity; and if the jury believe from the evidence that the plaintiff, with ordinary care and caution to be reasonably expected from one of his age, experience, and mental capacity, was injured while cleaning said machine while it was in motion, in the manner directed by said Minnick, they shall find a verdict for the plaintiff, unless the jury believe from the evidence that the

plaintiff knew, or, taking into consideration his age, experience, and mental capacity, should have known, the danger of undertaking to clean said machine while in motion."

This instruction presents to the jury Showalter's theory of the case; there was evidence to sustain it, and it is free from objection on legal grounds.  *Michael* v. *Roanoke Machine Works*, 90 Va. 492, 19 S. E. 261, 44 Am. St. Rep. 927.

The settled rule in this State is that a servant, who is injured in executing a direct order of the master, will not be held to have assumed the risk incident to obeying such order, unless the danger is so great that a reasonably prudent man would not encounter it.  *N. & W. Ry. Co.* v. *Ford.* 90 Va. 687, 19 S. E. 849, 44 Am. St. Rep. 945, 24 L. R. A. 717; *N. & W. Ry. Co.* v. *Ampey*, 93 Va. 108, 25 S. E. 226; *Va. P. C. Co.* v. *Luck*, 103 Va. 427, 49 S. E. 577; *Black* v. *Va. P. C. Co.*, 104 Va. 450, 51 S. E. 831; *Norton Coal Co.* v. *Murphy*, 108 Va. 448, 62 S. E. 268.

The court did not err in refusing to give plaintiff in error's instruction 9. The instruction deals with the doctrine of assumed risk, and the jury had already been fully instructed on that subject.

Instruction 10, which was also refused, is substantially covered by instruction 2, which was given.

Instruction 10 reads: "The court instructs the jury that if they believe from the evidence that it was not necessary for the plaintiff, Showalter, to clean the machinery while it was in motion, and that he could have waited until the machinery was stopped down before attempting to clean it, then he would be guilty of contributory negligence in attempting to clean the machinery in motion, and the jury must find for the defendant."

Instruction 2 reads: "The court instructs the jury that if they believe from the evidence that the plaintiff, Showalter, was told by Mr. Minnick not to clean the machinery while it was in motion, and that, in disobedience of this instruction, he attempted to clean the machinery while in action, then he would not be entitled to recover in this action, and the jury must find for the defendant."

The case was fairly submitted to the jury upon proper instructions, and the evidence was ample to sustain the verdict, and for these reasons the judgment must be affirmed.      *Affirmed.*