STATE OF IOWA  v. FRANK HAUGH, Appellant.

**Criminal law:** RAPE: INCLUDED OFFENSES: INSTRUCTION.  Where the evidence was sufficient to support a conviction for rape, the defendant could not complain that the court permitted the jury to consider the crime of assault with intent to rape, if they found that rape had not been committed, and in that event authorized conviction for the lesser offense, which instruction the jury followed and returned a verdict of assault with intent to rape.

**Same:** CORROBORATING EVIDENCE.  The admissions of a defendant charged with rape that he had had sexual intercourse with the prosecutrix were sufficient corroborating evidence.

**New trial:** MISCONDUCT IN ARGUMENT.  Alleged misconduct of the prosecuting attorney in argument in saying that defendant was guilty beyond all reasonable doubt, and that he ought to be convicted for the protection of other young girls in the county, was not reversible error; as it will be presumed that the jury would give the remarks of counsel no weight as evidence, and that they would understand one object of conviction to be the prevention of similar crimes.

**Evidence:** EXHIBITS.  The stained clothing worn by prosecutrix at the time of the offense was admissible in evidence, though its probative force was materially lessened by the time at which the blood stains were first observed.

*Appeal   from   Jasper   District   Court.*—HON.   K.   E.
WILCOCKSON, Judge.

TUESDAY, OCTOBER 15, 1912.

PROSECUTION for rape.  Defendant was found guilty of an assault with intent to commit rape, and appeals.— *Affirmed.*

*E. J. Salmon* and *E. M. S. McLaughlin,* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for the State.

McCLAIN, C. J.—The defendant, under sixteen years of age, was found guilty of the crime of assault with intent to commit rape on the prosecuting witness, who, at the time of the alleged assault, was twelve years of age.

I. The contention for appellant is that the verdict is without support in the evidence, predicated upon the claim that under the record the defendant, if guilty in any

1. CRIMINAL LAW: rape: included offenses: instruction.

degree, was guilty of rape; and, as the jury found him guilty only of an assault with intent to commit rape, there was such inconsistency between the evidence and the verdict as to require a reversal. The court instructed the jury that they might consider whether the defendant was guilty of an assault with intent to commit rape, if they found that rape had not been committed, fully instructing as to the included crime. As the evidence tended to show guilt of the crime with intent to commit rape, the verdict was not without support in the evidence, nor was it unauthorized by the instructions. The error, if any, committed in this respect was in so instructing the jury that there might be a conviction of an assault with intent to commit rape, although the evidence showed that, if any crime whatever was committed, it amounted to the crime of rape, as charged. It may be that if the court had failed to instruct with reference to an assault with intent to commit rape, and the defendant had been convicted of the crime of rape, we would have been justified in saying that there was no error for the reason the jury could not under the evidence have properly returned a verdict of an assault with intent to commit rape. But the converse is not necessarily true. We have never held that it constitutes prejudicial error to instruct with reference to an included crime, even though under the evidence a conviction for the crime charged, without

an instruction as to the included crime, would have been sustained. It does not lie in the mouth of the defendant to complain that he has been convicted of a lower degree of crime than that which the evidence tends to ·establish. It is not to be presumed from the fact that the jury failed to convict of rape that they did convict of an assault with intent to commit rape without finding from the evidence beyond a reasonable doubt that the defendant was guilty of that crime. If the jury exercised undue leniency in their finding as to the degree of the crime committed, such error has resulted to defendant's benefit, and he can not complain. It is enough to say that, so far as the general sufficiency of the evidence is concerned, the verdict is not without ample support.

II.   The corroboration required by the statute to connect the defendant with the commission of the crime which the prosecutrix testified was committed upon her was not

2. SAME:
   corroborating
   evidence.

wanting. Although the defendant denied his presence at the time and place where, as the prosecutrix testified, the crime was committed, and offered evidence tending to establish an alibi, counsel for defendant attempted by cross-examination of the prosecutrix and her mother to whom complaint was at once made, to establish that both of them had prior to the indictment spoken of the difficulty between the defendant and the prosecutrix as being in the nature of a fight rather than an attempt to commit rape, and a witness for the defense, at whose home the defendant lived, testified that the complaint at once made by the father of the prosecutrix to him with reference to the misconduct of the defendant related only to a fight. But it is not pretended that the evidence points to, or suggests, any other ground of complaint of misconduct on the part of the defendant toward the prosecutrix than that which was charged to have constituted the crime of rape.

A witness for the prosecutrix testified that he had ·a

conversation with the defendant about the trouble between him and the prosecutrix in which the defendant admitted that he had sexual connection with the prosecutrix, although the time and place was not specified. It is true that this witness was somewhat confused in his testimony on cross-examination, but from his testimony as a whole the jury was justified in believing that such an admission was made by defendant, and that it related to the occasion described by the prosecutrix. The deputy sheriff also testified as a witness that, when he arrested the defendant under a warrant "with reference to the trouble with" the prosecutrix, defendant, on being told what the warrant was for, stated that "he would not have done it if she had not asked him to." Clearly these admissions by the defendant were sufficient to constitute the corroborating evidence required by statute.

III. There is complaint of misconduct on the part of the county attorney in saying to the jury that the defendant was guilty beyond a reasonable doubt, and that he should be convicted in order "to protect the young girls in this county." There was no occasion for the county attorney to inform the jury as to his own conclusions with reference to the guilt of the defendant, but it certainly did not constitute a ground for a new trial if he did so, nor if he urged the jury to prevent the commission of similar offenses by the defendant or others by finding the defendant guilty. It must be presumed that the jury well understood that the conclusions of the county attorney were entitled to no weight whatever in their subsequent deliberations, and that the object of punishing the defendant, if they found him to be guilty of the crime charged, was to prevent, so far as practicable, the commission of similar crimes.

3. NEW TRIAL: misconduct in argument.

IV. The drawers worn by the prosecutrix at the time of the alleged commission of the crime were received in evidence over defendant's objection, showing blood spots. The circumstances testified to by the prosecutrix and her

mother as to the time when the blood spots were first ob-

4. EVIDENCE: exhibits. served were such as to materially weaken the weight of the evidence in this respect, but they were not such as to deprive it entirely of probative force. Without discussing the details of the evidence, it is sufficient to state our conclusion that the exhibit was properly received and the court properly instructed the jury with reference thereto.

Other complaints are made of the instructions, but they relate to objects which so far as they are not covered by the previous discussion appear from the record to be entirely without merit.—Judgment is *affirmed*.